# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK O. WILLIAMS, | Case No.: 1:18-cv-00957-JLT (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| B. PLUMLEY, Warden, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | |
| | [21-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons ("BOP") at FCI Mendota in Mendota, California. He filed the instant federal petition on July 16, 2018, challenging his conviction pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED.

**BACKGROUND**

On June 30, 2006, Petitioner was found guilty by jury trial of drug conspiracy (21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C)), and maintaining a drug involved premises (21 U.S.C. § 856(a)(1), (b)) in the United States District Court for the District of Alaska. See United States v.

1

Williams, Case No. 3:05-CR-00076-04-RRB (D. Alaska).[1]  He was sentenced to concurrent terms of 264 months and 240 months. Id.

Petitioner appealed to the Ninth Circuit Court of Appeals.  In its order of September 26, 2007 affirming judgment, the Ninth Circuit denied Petitioner's claims that there was insufficient evidence to convict him and that he was unconstitutionally sentenced on the basis of conduct for which he was acquitted.  See United States v. Roberds, 249 Fed.Appx. 505, 507 (9th Cir. 2007).

On December 22, 2008, Petitioner filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255.  See Williams, Case No. 3:05-CR-00076-04-RRB, Docket Entry 576.  He raised numerous claims including, *inter alia*, allegations of ineffective assistance of counsel.  Id., Docket Entry 577. During the course of those proceedings, Petitioner was represented by three different attorneys, and each attorney sought to withdraw from the case with Petitioner's permission.  Id., Docket Entry 794. After those three attorneys had withdrawn, Petitioner represented himself and litigated the case pro se. Id., Docket Entries 793, 806.  On January 31, 2012, the motion to vacate under § 2255 was denied. Id., Docket Entry 810.  Petitioner filed a motion for reconsideration, and the motion was denied on June 20, 2012.  Id., Docket Entries 813, 824, 826, 827.

Petitioner appealed to the Ninth Circuit Court of Appeals on March 12, 2012.  Id., Docket Entry 815.  The appeal was denied on July 25, 2012.  Id., Docket Entry 828.  On January 22, 2013, Petitioner filed a motion for relief from judgment, and the motion was denied on February 13, 2013. Id., Docket Entries 830, 832.  Petitioner sought reconsideration, and reconsideration was denied.  Id., Docket Entries 839, 842, 844, 845.  Petitioner again appealed to the Ninth Circuit and the appeal was denied.  Id., Docket Entries 843, 848.

On January 28, 2014, Petitioner petitioned for writ of certiorari in the United States Supreme Court.  Id., Docket Entry 856.  The petition was denied on June 23, 2014.  Id.

On November 6, 2015, Petitioner moved to reduce his sentence.  Id., Docket Entry 880.  On November 23, 2015, the District Court of Alaska granted the motion and reduced the sentence to 240

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

months.  Id., Docket Entry 883.

Petitioner now brings this habeas petition challenging his conviction.  He claims his trial and appellate attorneys rendered ineffective assistance of counsel.  He further alleges his post-conviction attorney was ineffective in failing to litigate the issues of ineffective assistance of trial and appellate counsel.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964)

(a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction as imposed by the United States District Court for the District of Alaska, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of Alaska, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but argues the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing because he has had multiple unobstructed procedural opportunities to present his claim, and he does not present a claim of actual innocence.

First, as evidenced by the procedural history of this case, Petitioner has had numerous opportunities to present his claims to the sentencing court. In fact, the majority of the § 2255 motion concerned claims of ineffective assistance of trial and appellate counsel. See Williams, Case No. 3:05-CR-00076-04-RRB, Docket Entries 577, 620. He also faults post-conviction counsel for failing to raise issues of ineffective assistance of counsel, but post-conviction counsel withdrew and Petitioner continued to litigate his case. Moreover, the petition and supplemental petition thoroughly addressed claims of ineffective assistance of counsel. Id. The petition set forth 102 grounds for relief, and the amended petition expounded on his claims of ineffective assistance of trial and appellate counsel. Id.

In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual

4

innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. In this case, Petitioner makes no claim of being factually innocent of drug conspiracy or maintaining a drug involved premises.[2] Rather, he takes issue with the performance of his defense and appellate counsel. Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction imposed by a federal court. See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

**ORDER**

The Court **DIRECTS** the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may

---

[2] In fact, the Ninth Circuit determined on appeal that there was sufficient evidence to convict on both counts. See United States v. Roberds, 249 Fed.Appx. 505, 507 (9th Cir. 2007).

5

| | |
|---|---|
| 1 | file written objections with the Court and serve a copy on all parties.  Such a document should be |
| 2 | captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the |
| 3 | Objections shall be served and filed within ten <u>court</u> days (plus three days if served by mail) after |
| 4 | service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 |
| 5 | U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time |
| 6 | may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. |
| 7 | 1991). |

IT IS SO ORDERED.

Dated: **July 20, 2018**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE